UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURENT GRANIER,<br><br>    Plaintiff,<br><br>v.<br><br>JACK LADD, et al.,<br><br>    Defendants. | Case No. 5:14-cv-05372-EJD<br><br>**ORDER STRIKING PLAINTIFF'S PLEADING**<br><br>Re: Dkt. No. 99 |

On September 28, 2015, this court issued an order dismissing the claims asserted by Plaintiff Laurent Granier ("Plaintiff"), some with and some without leave to amend. See Docket Item No. 96. The court provided a deadline of October 16, 2015, for Plaintiff to file an amended complaint and further instructed Plaintiff that "he may not add new claims or new parties to this action without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15."

Seemingly in response to the dismissal order, Plaintiff filed a document on October 1, 2015, which purportedly makes certain "amendments" to the factual allegations, parties and claims asserted in the original complaint. See Docket Item No. 99. Having reviewed that pleading, the court finds, concludes and orders as follows:

1. Under Federal Rule of Civil Procedure 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion under Rule 12. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As to amended complaints, Civil Local Rule 10-1 provides that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."

2. Pursuant to Federal Rule of Civil Procedure 12(f), upon motion or sua sponte, a

1  court may strike "from any pleading . . . any redundant, immaterial, impertinent, or scandalous
2  matter." Fed. R. Civ. P. 12(f).

3      3.    The pleading filed by Plaintiff on October 1, 2015, violates both Federal Rule of
4  Civil Procedure 15 and Civil Local Rule 10-1. As to Rule 15, the court explicitly advised Plaintiff
5  that he could not file an amended complaint which adds new parties or new claims without first
6  obtaining Defendants' consent or leave of court pursuant to Rule 15(a)(2). Plaintiff did not
7  comply with that rule despite what appears to be an attempt to assert new claims and new parties.
8  Accordingly, pages 2 to 5 of the October 1st pleading are STRICKEN as immaterial and
9  impertinent. The exhibits attached to the pleading are also STRICKEN on those same grounds.

10      4.    As to Civil Local Rule 10-1, Plaintiff states on page 1 of the October 1st pleading
11  that he "re-alleges by this reference each and every allegation previously contained in the original
12  complaint . . . ." Rule 10-1 prohibits such a reference in an amended complaint. Accordingly,
13  page 1 is also STRICKEN.

14  If Plaintiff intends to pursue this action, he must file a new amended complaint which
15  complies with this order as well as the September 28th dismissal order on or before **October 30,**
16  **2015.** Plaintiff is reminded that he may not add new claims or new parties without first obtaining
17  defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

18  Further, Plaintiff is advised that the court will dismiss this action without further notice for
19  failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not
20  filed by the deadline designated herein.

22  **IT IS SO ORDERED.**
23  Dated: October 13, 2015

24  
25  EDWARD J. DAVILA
    United States District Judge

2

Case No.: 5:14-cv-05372-EJD
ORDER STRIKING PLAINTIFF'S PLEADING